**SCOTT v. SHREVEPORT RYS. CO.**

No. 6071.

Court of Appeal of Louisiana.
Second Circuit.

April 4, 1940.

Robt. J. Newson, of Shreveport, for appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee.

DREW, Judge.

The plaintiff, John Scott, instituted this suit against the Shreveport Railways Company seeking damages in the sum of $2,000 for injuries allegedly received on October 7, 1938, while boarding one of the trackless trolleys of the defendant Company. The plaintiff states in his petition that he boarded the trolley at the intersection of Crockett and Marshall streets, Shreveport; and that the motorman employed by defendant closed the doors in a negligent manner on plaintiff's left arm.

The plaintiff further alleged that he thereby suffered severe bruises of the left arm and a possible fracture of the bone. Plaintiff's petition alleged that the accident was caused solely by defendant's negligence.

Defendant's answer denies that the doors of the trolley closed on plaintiff's arm in a manner indicating defendant's negligence; and, in the alternative, pleaded contributory negligence and denied that plaintiff received any injury whatsoever.

After trial of the case upon the issues thus presented to the Court, the demands of the plaintiff were rejected by the Court below, and the case is on appeal from the judgment so rendered.

There is no necessity to consider the question of negligence vel non of plaintiff or of the defendant's employees, as plaintiff has failed to sustain his burden of proving any injury as a result of the accident. In support of his allegations as to the injuries received, plaintiff offered the testimony of two physicians who treated him immediately after the accident and have had him under their observation since that time. We concur with the opinion of the lower court in that the plaintiff has failed to prove any injury.

The only medical testimony offered is that of Dr. Weber and Dr. Brown, who were house physicians at the Charity Hospital, where plaintiff was taken for treatment immediately after the accident. Dr. Weber, called on in behalf of plaintiff, testified on direct examination as follows:

"Q. In your opinion, Doctor, how was he, how badly was his arm injured? A. As far as I could tell there was, the physical findings were negative, we could find nothing, no bruise no limitation of motion in the arm; his arm was freely movable * * *."

Again, on cross-examination, Dr. Weber testified as follows:

"Q. Dr. Weber, when you examined the patient, I believe you say the first time was on the 7th of October of last year, you gave him, his arm, a thorough examination, did you not? A. Yes.

"Q. Was there any bruise, contusion of any kind on his arm? A. Not that I could tell.

"Q. If there had been, would you have seen it? A. Yes."

Dr. Brown, also called by the plaintiff, testified on direct examination as follows:

"Q. Did he have any ruptured ligaments, anything the matter with his arm? * * * Answer the question please. A. None that I detected.

"Q. Did he have any bruises? A. None that I could detect."

Both of these doctors testified that, in the event there was any pain in the arm, they were of the opinion that the pain was purely subjective and that in their opinions the arm was physically sound. The only evidence of any injury to the plaintiff is the testimony of the plaintiff, himself. This evidence is contradicted by the testimony of plaintiff's own witnesses. No attempt is made to discredit their testimony and we have no reason to believe they were not telling the truth.

The preponderance of evidence in this case leads to the conclusion that no injury was suffered by plaintiff in this case and we are of the opinion that the lower court was correct in its rejection of the demands of plaintiff.

The judgment appealed from is affirmed with costs in both courts to be borne by plaintiff, appellant.